Mayfield R. and Celia B. Sims v. Commissioner.
Sims v. Commissioner
Docket No. 27001.
United States Tax Court
1951 Tax Ct. Memo LEXIS 162; 10 T.C.M. (CCH) 608; T.C.M. (RIA) 51198; June 29, 1951
M. R. Sims, pro se. Frank C. Allen, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $367.90 in the income tax of the petitioner for 1946. The issues for decision are whether the Commissioner erred in adding $33.60 to income and in disallowing all deductions in the total amount of $2,326.90. Findings of Fact The petitioners, husband and wife, filed a joint return for 1946 with the collector of internal revenue for the second district of Texas. That return was filed on the basis of cash receipts and disbursements. The Commissioner in determining the deficiency added $33.60 to income as wages from Consolidated Vultee Aircraft Corporation, Fort Worth, Texas. The petitioners did not receive *163 any amount in 1946 from that corporation. The petitioners claimed on their return deductions of $489 representing contributions to Sagamore Hill Baptist Church, $196.70 representing taxes, $210 representing loss by theft, $460 representing depreciation on an automobile, $84.00 representing lodge dues, and $887.20 representing bad debts, a total of $2,326.90, all of which the Commissioner disallowed in determining the deficiency. The petitioners during 1946 made gifts or contributions in the amount of $489 to Sagamore Hill Baptist Church, which they attended. That church was a domestic corporation or foundation organized and operated exclusively for religious purposes. The petitioners during 1946 paid taxes in the amount of $196.70 of the kind which are deductible under section 23 (c). Tools and clothes having a value of $210 were stolen from the petitioners in 1946 and their loss was not compensated for by insurance or otherwise. A reasonable allowance for depreciation for 1946 on an automobile used by the petitioner in his business is $460. He was not compensated for the use of his automobile except through his salary which he reported. The petitioner on January 19, 1946, loaned *164 $600 to Fred McHam on the latter's note due in six months. McHam was not related to the petitioners. He was unable to pay the loan when it came due. He did not have any property. The petitioner has never received anything on the note. The debt became worthless in 1946. The petitioner loaned J. M. Frank $225 in the early part of 1946. He was not related to the petitioners but had worked with the petitioner. He quit his job in the latter part of 1946 and the petitioners lost track of him at that time. He has never paid anything on the loan. The debt became worthless in 1946. The petitioner loaned $62.50 to W. P. Betha in April, 1946, to be repaid in 30 days. He quit his job where the petitioner had known him. The petitioner was unable to learn where he went. No part of the loan has been repaid. The debt became worthless in 1946. The petitioner paid $65 in 1946 as dues to a lodge and $19 as dues to a labor union to which he belonged. Opinion MURDOCK, Judge: The petitioner has shown that he was paid in full in 1945 when he terminated his employment with Consolidated Vultee Aircraft Corporation, and he did not receive from that corporation in 1946 $33.60 or any other amount. *165 The Commissioner arbitrarily denied all of the deductions claimed by the petitioners on their return and explained his action by saying that they were "unsupported." The petitioner appeared in his own behalf and verified all of the deductions which he claimed, with one exception. It does not appear that lodge dues he paid in the amount of $65.00 are deductible. He is entitled to the other deductions claimed subject to the limitation of section 23 (o). Decision will be entered under Rule 50.